

RECEIVED
DEC 1 4 2005
CLERK, U S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CLOSED, JURY

# U.S. District Court
## District of South Carolina (Charleston)
### CIVIL DOCKET FOR CASE #: 2:05-cv-01696-TLW-TER
### Internal Use Only

**3-05 CV - 2449 D**

Sawgrass Technologies Inc v. Texas Original Graphics Inc et al
Assigned to: Honorable Terry L Wooten
Referred to: Magistrate Judge Thomas E Rogers, III
Cause: 35:271 Patent Infringement

Date Filed: 06/15/2005
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**Sawgrass Technologies Inc**
*a South Carolina Corporation*

represented by **Billy Craig Killough**
Barnwell Whaley Patterson and Helms
PO Drawer H
Charleston, SC 29492
843-577-9800
Fax: 843-577-7708
Email: bckillough@charleston.net

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George Trenholm Walker**
Pratt-Thomas Pearce Epting and Walker
PO Box 22247
Charleston, SC 29413-2247
843-727-2208
Fax: 843-727-2238
Email: gtw@wiselaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Texas Original Graphics Inc**     represented by **Brent OE Clinkscale**

|  |  |
|---|---|
|  | Womble Carlyle Sandridge and Rice<br>PO Box 10208<br>Greenville, SC 29603<br>864-255-5400<br>Fax: 864-255-5488<br>Email: bclinkscale@wcsr.com<br>*LEAD ATTORNEY*<br>*ATTORNEY татер TO BE NOTICED* |
|  | **Darin Klemchuk**<br>Cash Klemchuk Powers Taylor<br>8150 N Central Expressway<br>Suite 1575<br>Dallas, TX 75206<br>214-239-8900<br>Email: darin@ckptlaw.com<br>*ATTORNEY TO BE NOTICED* |
|  | **Hugh McCorkle Claytor**<br>Womble Carlyle Sandridge and Rice<br>PO Box 10208<br>Greenville, SC 29603<br>864-255-5400<br>Fax: 864-255-5440<br>Email: hclaytor@wcsr.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| William D Wellborn | represented by | **Brent OE Clinkscale**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|  |  | **Darin Klemchuk**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Hugh McCorkle Claytor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2005 | 1 | COMPLAINT against Texas Original Graphics Inc, William D Wellborn ( Filing fee $ 250 receipt number 300009699.) Service due by 10/13/2005, filed by Sawgrass Technologies Inc.(swel, ) (Entered: 06/15/2005) |
| 06/15/2005 | 2 | CIVIL COVER SHEET. (swel, ) (Entered: 06/15/2005) |
| 06/15/2005 | 3 | Local Rule 26.01 Answers to Interrogatories with Jury Demand by Sawgrass Technologies Inc.(swel, ) (Entered: 06/15/2005) |
| 06/15/2005 | 4 | Summons Issued as to Texas Original Graphics Inc, William D Wellborn. (swel, ) (Entered: 06/15/2005) |
| 06/21/2005 | 5 | Report on the Filing or Determination of an Action Regarding a Patent or Trademark (swel, ) (Entered: 06/21/2005) |
| 06/21/2005 |  | ***Staff notes: Report on the Filing or Determination of an Action Regarding a Patent or Trademark mailed to Commissioner of Patents and Trademarks, Washington DC 20231 (swel, ) (Entered: 06/21/2005) |
| 07/21/2005 | 6 | Consent MOTION for Extension of Time to File Answer by Texas Original Graphics Inc, William D Wellborn. Response to Motion due by 8/8/2005 (Attachments: # 1)Proposed order is being emailed to chambers with copy to opposing counsel (Clinkscale, Brent) (Entered: 07/21/2005) |
| 07/27/2005 | 7 | NOTICE of Appearance by Hugh McCorkle Claytor on behalf of Texas Original Graphics Inc, William D Wellborn (Claytor, Hugh) (Entered: 07/27/2005) |
| 07/27/2005 | 8 | ORDER granting 6 Motion for Extension of Time to Answer re 1 Complaint. Texas Original Graphics Inc answer due 8/19/2005; William D Wellborn answer due 8/19/2005. Signed by Judge Terry L Wooten on 7/25/05. (swel, ) (Entered: 07/28/2005) |
| 08/08/2005 | 9 | MOTION to Appear Pro Hac Vice by Darin M. Klemchuk by Texas Original Graphics Inc, William D Wellborn. Response to Motion due by 8/26/2005 (Attachments: # 1 Application/Affidavit for Pro Hac Vice Admission# 2 Certificate of Good Standing# 3 Proposed Order granting admission pro hac vice)No proposed order(Clinkscale, Brent) (Entered: 08/08/2005) |

| | | |
|---|---|---|
| 08/09/2005 | ● | Filing fee for phv motion: $ 150.00, receipt number 300010607 (swel, ) (Entered: 08/09/2005) |
| 08/12/2005 | ●10 | ORDER granting 9Motion to Appear Pro Hac Vice. Signed by Judge Terry L Wooten on 8/11/05. (swel, ) (Entered: 08/15/2005) |
| 08/19/2005 | ●11 | MOTION to Dismiss *Complaint pursuant to the First-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404(a)* by Texas Original Graphics Inc, William D Wellborn. Response to Motion due by 9/6/2005 (Attachments: # 1 Memorandum in Support# 2 Affidavit of William Wellborn# 3 Report and Recommendation 1/25/01# 4 Plaintiff's Complaint# 5 Plaintiff's First Amended Complaint# 6 Complaint Filed 6/15/05# 7 Affidavit of Ty Wellborn)No proposed order(Clinkscale, Brent) (Entered: 08/19/2005) |
| 08/19/2005 | ●12 | MOTION to Dismiss *Complaint for Patent Infringement for Lack of Personal Jurisdiction and Lack of Venue* by Texas Original Graphics Inc, William D Wellborn. Response to Motion due by 9/6/2005 (Attachments: # 1 Memorandum in Support# 2 Affidavit of William Wellborn# 3 Plaintiff's Original Complaint# 4 Plaintiff's First Amended Complaint# 5 Complaint filed 6/15/05# 6 Patent Information# 7 Affidavit of Ty Wellborn)No proposed order(Clinkscale, Brent) (Entered: 08/19/2005) |
| 09/06/2005 | ●13 | MOTION for Extension of Time to File Response/Reply as to 11 MOTION to Dismiss *Complaint pursuant to the First-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404(a)*, 12 MOTION to Dismiss *Complaint for Patent Infringement for Lack of Personal Jurisdiction and Lack of Venue* by Sawgrass Technologies Inc. Response to Motion due by 9/26/2005 (Attachments: # 1 Proposed Order) No proposed order(Walker, George) (Entered: 09/06/2005) |
| 09/12/2005 | ●14 | ORDER REFERRING CASE to Magistrate Judge Thomas E Rogers, III for full pretrial, no dispositive motions. Signed by Judge Terry L Wooten on 9/12/05. (swel, ) (Entered: 09/12/2005) |
| 09/26/2005 | ●15 | Oral ORDER granting 13 Motion for Extension of Time to File Response/Reply re 13 MOTION for Extension of Time to File Response/Reply as to 11 MOTION to Dismiss *Complaint pursuant to the First-to-file rule, or alternatively, motion to* |

| | | |
|---|---|---|
| | | *transfer venue pursuant to 28 U.S.C. Section 1404(a)*, 12 MOTION to Dismiss *Complaint. Signed by Judge Thomas E Rogers III on 9/23/2005.* (swel, ) (Entered: 09/26/2005) |
| 09/26/2005 | ◉16 | RESPONSE in Opposition re 11 MOTION to Dismiss *Complaint pursuant to the First-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404 (a)* Response filed by Sawgrass Technologies Inc.Reply to Response to Motion due by 10/6/2005 (Attachments: # 1 Affidavit # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13) (Maybank, Amanda) (Entered: 09/26/2005) |
| 10/03/2005 | ◉17 | RESPONSE in Support re 12 MOTION to Dismiss *Complaint for Patent Infringement for Lack of Personal Jurisdiction and Lack of Venue* Response filed by Texas Original Graphics Inc, William D Wellborn. (Attachments: # 1 Exhibit 1 - Declaration of Todd Hochrad# 2 Exhibit 2 - Declaration of Kim Coggins)(Austin, Jacquelyn) (Entered: 10/03/2005) |
| 10/03/2005 | ◉18 | RESPONSE in Support re 11 MOTION to Dismiss *Complaint pursuant to the First-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404(a)* Response filed by Texas Original Graphics Inc, William D Wellborn. (Attachments: # 1 Exhibit 1 - Dallas Division - Texas Original Graphics, Inc.'s Opposition to Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue and Memorandum in Support# 2 Exhibit A - Dallas Division - Texas Original Graphics, Inc.'s Appendix in Support of its Opposition to Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue and Memorandum in Support# 3 Exhibit B - Defendants' Motion to Dismiss Complaint Pursuant to the First-to-File Rule, or Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. Sec. 1404(a)# 4 Exhibit C - Declaration of William Wellborn# 5 Exhibit D - Declaration of Ty Wellborn# 6 Exhibit D-1 9/30/04 Letter to Bill Wellborn from counsel for Sawgrass Technologies# 7 Exhibit D-2 May 2nd Letter from Ty to Steve# 8 Exhibit D-3 - Settlement Agreement# 9 Exhibit E - Declaration of Kim Coggins# 10 Exhibit F - Digital Recorders, Inc. v. Nextbus Information Systems, Inc.# 11 Exhibit G - Timothy Kesterson v. Lockheed Martin Corporation# 12 Exhibit H - The Whistler Group, Inc. v. PNI Corporation)(Austin, Jacquelyn) (Entered: 10/03/2005) |
| 11/08/2005 | ◉19 | NOTICE of Hearing on Motion 11 MOTION to Dismiss |

| | | |
|---|---|---|
| | | *Complaint pursuant to the First-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404 (a)*, 12 MOTION to Dismiss *Complaint for Patent Infringement for Lack of Personal Jurisdiction and Lack of Venue*: Motion Hearing set for 11/21/2005 09:30 AM in Florence #1, McMillan Federal Bldg, 401 W. Evans St., Florence before Honorable Terry L Wooten. (swel, ) (Entered: 11/08/2005) |
| 11/21/2005 | ●20 | Minute Entry for proceedings held before Judge Terry L Wooten : taking under advisement 11 Motion to Dismiss, taking under advisement 12 Motion to Dismiss, Motion Hearing held on 11/21/2005 re 11 MOTION to Dismiss *Complaint pursuant to the First-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404 (a)* filed by Texas Original Graphics Inc,, William D Wellborn,, 12 MOTION to Dismiss *Complaint for Patent Infringement for Lack of Personal Jurisdiction and Lack of Venue* filed by Texas Original Graphics Inc,, William D Wellborn,. (Court Reporter Ray Simmons.) (amil, ) (Entered: 11/22/2005) |
| 12/09/2005 | ●21 | ORDER granting 11 Motion to Dismiss. This case is transferred to the Northern District of Texas; the alternative request to transfer venue pursuant to 28 U.S.C. Section 1404 (a) is deemed MOOT; and defendants' motion to dismiss Complaint for patent infringement for lack of personal jurisdiction and lack of venue is deemed MOOT. Signed by Judge Terry L Wooten on 12/8/2005.(swel, ) (Entered: 12/12/2005) |
| 12/13/2005 | | ***Staff notes : email sent to Dallas intake with instructions for retrieving the transfer case (swel, ) (Entered: 12/13/2005) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
DEC 14 2005
CLERK, U S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Sawgrass Technologies, Inc., a South Carolina Corporation, | ) ) ) C.A. No. 2:05-CV-01696-TLW |
| Plaintiff, | ) ) ) |
| vs. | ) **ORDER** ) |
| Texas Original Graphics, Inc., and William D. Wellborn, | ) 3-05CV-2449D ) ) |
| Defendants. | ) ) |

This matter is before the Court upon defendants' motion to dismiss Complaint pursuant to the first-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404(a); and defendants' motion to dismiss Complaint for patent infringement for lack of personal jurisdiction and lack of venue. (Docs. # 11 & # 12). Plaintiff filed the instant action here in South Carolina on June 15, 2005, alleging causes of action for (1) Infringement of the Sawgrass patent; (2) Inducing Patent Infringement; and (3) Contributory Infringement. (Doc. # 1). Defendants filed their motion to dismiss Complaint pursuant to the first-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404(a); and their motion to dismiss Complaint for patent infringement for lack of personal jurisdiction and lack of venue on August 19, 2005. (Docs. # 11 and # 12). Plaintiff filed its response to defendants' motions on September 26, 2005. (Doc. # 16). On October 3, 2005, defendants filed a reply memorandum in support of their motion to dismiss Complaint pursuant to the first-to-file rule, or alternatively, motion to transfer venue pursuant to 28 U.S.C. Section 1404(a) and a reply memorandum in support of their motion to dismiss Complaint

1

for patent infringement for lack of personal jurisdiction and lack of venue. (Docs. # 18 & # 17). A hearing was held and the Court heard oral argument from counsel on both outstanding motions on November 21, 2005. For the reasons set forth in this Order, the defendants' motion to dismiss Complaint pursuant to the first-to-file rule is hereby granted and this case is hereby transferred to the Northern District of Texas.[1]

## BACKGROUND

This case involves Patent No. 5,488,907, (hereinafter the "'907 patent") which the Complaint indicates "teaches and claims novel and non-obvious methods and processes of printing certain liquid sublimation inks by means of an ink jet printer." The Complaint here in South Carolina was filed by plaintiff Sawgrass Technologies, Inc., (hereinafter "plaintiff" or "Sawgrass") on June 15, 2005. However, prior to that date, Defendant Texas Original Graphics, Inc., filed suit in Texas on June 9, 2005, amending its Complaint on June 14, 2005. The Texas suit involves the '907 patent, as well as other patents.

Defendants indicate in their motion that there is no dispute that the Texas action is the first-filed lawsuit, and that both suits involve the '907 patent, the same corporate parties, and the same issues regarding the '907 patent. Based on these facts alone, defendants assert that the South Carolina action should be dismissed in favor of the first-filed Texas action in accordance with the existing federal case law on the "first-to-file" rule. Defendants also rely on other factors that it believes support dismissal of this action in favor of the first-filed Texas action: (1) the Texas action involves not only the '907 patent, but six other patents as well, whereas the South Carolina action

---

[1]Based on the Court's ruling on this aspect of defendants' motions, this Court finds it unnecessary to address the remainder of the defendants' motions.

2

involves only the '907 patent; (2) Texas is the only jurisdiction that has personal jurisdiction and venue over the defendants; and (3) by applying the first-to file rule, this Court need not expend its and the parties' resources ruling on the pending jurisdictional and venue issues.

Plaintiff opposes defendants' motion and although recognizing the existence of the first-to-file rule, argues that it should not be applied as a rigid mechanical solution to questions of forum. Specifically, plaintiff argues that the Court should not only evaluate the equitable factors, such as whether the suit was filed as a preemptive strike, but also take into consideration the "wise administration" of the suit, such as convenience of the witnesses and conservation of judicial resources. Plaintiff asserts that the Texas suit filed by defendant Texas Original Graphics is not entitled to priority under the first-to-file rule because Texas Original Graphics unfairly took advantage of plaintiff in a race to the Courthouse. Plaintiff asserts that defendant Texas Original Graphics lulled Sawgrass into a "cease fire" by telling them it would not litigate, only to then exploit that belief by filing a lawsuit in Federal Court in Texas.

Defendants dispute that the parties had a "cease fire" or a "truce" and maintain that Sawgrass' attempt to portray the filing of its lawsuit as an "ambush" and as an attempt to "gain an unfair tactical advantage" is misplaced. Defendants maintain that the undisputed facts and case law warrant applying the first-to-file rule in this case.

## DISCUSSION AND ANALYSIS

Comity requires that federal district courts, which are courts of equal rank and coordinate jurisdiction, be careful to avoid unnecessary interference with each other's affairs. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir.1985) (*citing Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952)). "As between federal district courts, ... the

general principle is to avoid duplicative litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 2001 WL 897452, at *3 (6th Cir. July 31, 2001). It provides that when two lawsuits involving nearly identical parties and issues have been filed in two different federal district courts, the district court in which the first suit is filed should, as a general rule, proceed to judgment. *Id.; In re Burley*, 738 F.2d 981, 988 (9th Cir.1984); *Smithers-Oasis Co. v. Clifford Sales & Marketing*, 194 F.Supp.2d 685, 687 (N.D.Ohio 2002); *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903 (N.D. Ohio 1999). The doctrine is grounded in principles of comity and sound judicial administration. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999); *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir.1997). It has evolved into a doctrine used to promote judicial economy and efficiency. *Plating Resources*, 47 F.Supp.2d at 903.

In short, the first-to-file rule is designed to avoid the inefficiency of duplication of effort by two co-equal district courts, to avoid rulings by one district court that may interfere with or infringe upon the authority of another district court, and to avoid inconsistent or piecemeal resolution of legal issues that call for a uniform result. *Save Power*, 121 F.3d at 950; *TPM Holdings, Inc. v. Intra-Gold Industries, Inc.*, 91 F.3d 1, 4 (1st Cir.1996); *West Gulf Maritime*, 751 F.2d at 729. Where the overlap between the two lawsuits is nearly complete, the usual practice is for the federal district court that first had jurisdiction to proceed to adjudicate the controversy and the other court to defer. *TPM Holdings*, 91 F.3d at 4; *MSX International Engineering v. Levine*, 2002 WL 551041, at *4 (E.D. Mich. April 8, 2002); *Smithers-Oasis*, 194 F.Supp.2d 685; *Albie's Foods, Inc. v. Menusaver, Inc.*,

4

170 F.Supp.2d 736, 739-40 (E.D.Mich.2001); *Plating Resources,* 47 F.Supp.2d at 903.

Three elements are commonly used to determine whether the first-to file rule is applicable: (1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake. *Plating Resources,* 47 F.Supp.2d at 903-04. For purposes of establishing the relevant chronology of events, focus is on the dates when the parties filed their original complaints. *Zide Sport Shop,* 2001 WL 897452, at *3; *MSX International Engineering Services,* 2002 WL 551041, at *4; *Smithers-Oasis Co.,* 194 F.Supp.2d at 687; *Plating Resources, Inc.,* 47 F.Supp.2d at 903-04.

All of the essential elements for applying the first-to-file rule are met in the instant case. This case squarely falls within the scope of the rule. Defendant Texas Original Graphics is a company organized and existing under the laws of the State of Texas, with its principal place of business in Irving, Texas. The defendant William D. Wellborn is a resident of the state of Texas. Plaintiff Sawgrass is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Mount Pleasant, South Carolina. On June 9, 2005, defendant Texas Original Graphics filed suit against Sawgrass in the United States District Court for the Northern District of Texas, Dallas Division, seeking a declaratory judgment against Sawgrass that seven separate Sawgrass patents, including the '907 patent at issue in this case, are either "invalid, unenforceable, or not infringed by plaintiff." An Amended Complaint was filed on June 14, 2005. Subsequently, on June 15, 2005, Sawgrass filed the instant suit against Texas Original Graphics and William D. Wellborn in the United States District Court for the District of South Carolina.

The corporate parties in both lawsuits are identical. Although defendant William D. Wellborn is not a party to the Texas action, the first-to-file rule does not require complete identity

between the parties. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (noting that the first-to-file rule does not require that cases be identical; instead, the crucial inquiry is one of "substantial overlap"); *Harris County, Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999)(noting that neither complete identity of neither the parties nor of the lawsuit itself is required for dismissal or transfer of a case filed subsequently to an action with substantial overlap of substantive issues). The substantive issues and claims in both lawsuits–patent infringement--overlap and are substantially the same. If these two lawsuits were filed in the same federal district court, they would likely be consolidated for trial under Fed. R. Civ. P. 42(a). There appears to be little or no question that the Northern District of Texas would be a proper venue for Sawgrass' suit against Texas Original Graphics and Wellborn under 28 U.S.C. §§ 1391, and likewise, there appears to be no question that the Northern District of Texas can exercise personal jurisdiction over Texas Original Graphics and Wellborn. Transfer of the instant case to the Northern District of Texas is consistent with the principle of comity, promotes judicial efficiency, avoids duplication of litigation, and avoids piecemeal litigation and the danger of inconsistent judgments.[2]

However, the first-to-file rule is discretionary and should not be applied too rigidly or mechanically. *Albie's Foods,* 170 F.Supp.2d at 740; *Plating Resources,* 47 F.Supp.2d at 903. The Fourth Circuit Court of Appeals has recognized the "first to file" rule and has given priority to the first suit in the absence of a showing that the balance of convenience sways in favor of the later filed

---

[2]Although defendants have asked that the instant case be dismissed pursuant to the first-to-file rule, the "first-to-file" rule proposes that when an action involving the same parties and issues has already been filed in a different federal district, the court may either transfer, stay, or dismiss the second suit. *J.A.D. Coal Co., Inc. v. Twin Energies, Inc.*, 2003 WL 22466199, at *1 (W.D.Va. 2003). Accordingly, this Court finds it appropriate to transfer this case to the Northern District of Texas where the first-filed case is pending.

6

suit. *The Learning Network, Inc. v. Discovery Communications, Inc.*, 11 Fed.Appx. 297, 300-301 (4th Cir. 2001); *Ramsey Group, Inc. v. EGS Intern., Inc.*, 208 F.R.D. 559, 564 (W.D.N.C. 2002). Other circuits, such as the Sixth Circuit, recognize that a district court may decline to invoke the first-to-file rule for reasons of equity. *Zide,* 2001 WL 897452, at *3 (noting that district courts have discretion to dispense with first-to-file rule where equity so demands). Equitable factors that weigh against enforcement of the rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *Id.; Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 628 (9th Cir.1991); *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 972 (3d Cir.1988); *Smithers-Oasis,* 194 F.Supp.2d at 687; *Plating Resources,* 47 F.Supp.2d at 905. The Federal Circuit has noted that there must be a sound reason that would make it unjust or inefficient to continue the first-filed action; such reason may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest. *Genentech, Inc. v. Eli Lilly and Co.,* 998 F.2d 931, 938 (C.A. Fed. 1993).

This Court is not persuaded that either a balance of convenience, or any of the referenced equitable factors exist in the present case. The mere fact that Texas Original Graphics filed its suit first in the Northern District of Texas does not constitute forum shopping or an anticipatory lawsuit. Texas Original Graphics is a Texas corporation and it has a valid reason for instituting a declaratory judgment action against Sawgrass in the Northern District of Texas. Texas Original Graphics states that it received a unilateral settlement agreement, that contained a deadline and was no different from the prior unacceptable settlement offers that had been discussed and rejected by the parties previously, before it filed the action in Texas. There is no probative proof of bad faith or other

inequitable conduct on the part of Texas Original Graphics or Wellborn. In sum, there are no equitable reasons here that would justify dispensing with the first-to-file rule. The Court bears in mind that although the first-to file rule is discretionary and should not be applied too rigidly, it must not be "disregarded lightly." *Smithers-Oasis,* 194 F.Supp.2d at 687; *Plating Resources,* 47 F.Supp.2d at 903.

The first-to-file rule allows this Court, in its discretion, to transfer this second-filed action to the Northern District of Texas. *J.A.D. Coal Co., Inc. v. Twin Energies, Inc.,* 2003 WL 22466199, at *1 (W.D.Va. 2003); *R.J. Reynolds Tobacco Co. v. Star Scientific, Inc.,* 169 F.Supp.2d 452, 455 (M.D.N.C. 2001); *Plantronics, Inc. v. Clarity, LLC,* 2002 WL 32059746, at *1 (E.D.Tenn. 2002); *West Gulf Marine,* 751 F.2d at 729 and n. 1. Based on the facts and circumstances in this case, transfer is appropriate. Instead of dismissing Sawgrass' complaint, as requested by defendants, the most practical solution is to transfer this case to the Northern District of Texas where the two nearly identical lawsuits may be consolidated and adjudicated together. Accordingly, an order of transfer will enter.

Moreover, because the case is being transferred pursuant to the Court's inherent authority under the first-to-file rule, it is unnecessary to address the separate questions raised in defendants' additional motion as to whether this Court may exercise personal jurisdiction over the defendants; or whether the case should be dismissed for lack of venue.[3] Accordingly, the defendants' motion to dismiss Complaint for patent infringement for lack of personal jurisdiction and lack of venue is

---

[3] The Court notes that the transfer to the Northern District of Texas is being done pursuant to its inherent authority under the first to file rule; the Court makes no findings on the alternative request to transfer Venue pursuant to 28 USC 1404(a), and deems that portion of defendants' motion to be MOOT.

hereby deemed MOOT, and the Court makes no findings on these questions.

## CONCLUSION

Accordingly, for the reasons outlined above, defendants' motion to dismiss Complaint pursuant to the first-to-file rule is hereby granted and this case is transferred to the Northern District of Texas; the alternative request to transfer venue pursuant to 28 U.S.C. Section 1404(a) is deemed MOOT; and defendants' motion to dismiss Complaint for patent infringement for lack of personal jurisdiction and lack of venue is deemed MOOT.

**IT IS SO ORDERED.**

                                                  s/ Terry L. Wooten
                                                  **TERRY L. WOOTEN**
                                                  **UNITED STATES DISTRICT JUDGE**

December 8, 2005
Florence, South Carolina